JONES, Acting P. J., Dissenting.
I dissent as to counts I and III. Although defendant is entitled to have the statutes involved here interpreted and applied to him as favorably as the circumstances will *Supp. 9 permit, we are nevertheless required to construe penal statutes according to the fair import of their terms, with a view to effect their objectives and promote justice. (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 487-488 [134 Cal.Rptr. 630, 556 P.2d 1081]. People v. Heffner (1977) 70 Cal.App.3d 643, 649 [139 Cal.Rptr. 45] also reminds this court that legislative enactments should be given a practical construction to meet the complexities of the social problems dealt with by the Legislature. Bearing these rules of statutory construction in mind, I am unwilling to apply the statutes as defendant requests. One of the main thrusts of title 2, chapter I of the Penal Code (The Dangerous Weapons’ Control Law) is to restrict the carrying of loaded weapons and concealed weapons on the public streets. Any exceptions to this broad general purpose should be narrowly construed.
Specific and enumerated exceptions to section 12031, subdivision (a) are listed in subdivision (b), allowing police officers, military personnel, guards, private investigators, etc. to carry loaded weapons on their persons and in their vehicles in public. Similar exceptions for carrying a concealed weapon are found in Penal Code section 12027. These enumerated exceptions do not include cab drivers or other “nonsecurity” persons. As for the “place of business” exception in Penal Code sections 12026 and 12031, I believe that the Legislature had in mind businesses located in fixed geographical locations. While it is probably true enough, as the majority suggests, that this exception was designed to protect business property from robbers, it does not necessarily follow that such inherently “mobile” enterprises as trucks, buses and taxies were meant to be included within this exception. If so, the exception would, to a large extent, emasculate the thrust of the legislation. The legislative policy would be severely frustrated if cab drivers, truckers and ice cream vendors, for example, were entitled to carry loaded weapons concealed in their vehicles, given the large number of such “businesses” on the street.
Defendant’s attempted reliance on People v. Overturf (1976) 64 Cal.App.3d Supp. 1 [134 Cal.Rptr. 769] is not persuasive. Defendant has cited certain language from that case wherein the court distinguishes “having” a firearm in one’s place of business (permissible) from “carrying” such firearm (prohibited).[1] But the court there was talking about an apartment house, not a vehicle. While a person can “have” a firearm *Supp. 10 at a building or other fixed location without “carrying” it, the distinction made in Overturf, the same cannot be said for possession in a vehicle. Under the latter circumstance, the weapon is always being “carried” in the accepted dictionary meaning of conveying or transporting (see Webster’s New Internat. Dict. (2d ed.) p. 412), except when the vehicle is stationary. The reasoning of People v. Overturf supra, is therefore actually contrary to defendant’s contention.
For the same reason, I do not consider the cases cited by defendant from other jurisdictions to be helpful in interpreting the statute before us. In each of those cases the very act prohibited was exempted where it occurred in the place of business. Penal Code sections 12025, subdivision (a) and 12031, subdivision (a), on the other hand, prohibit carrying a weapon, although permitting possession only at certain places. The distinction is crucial, in my opinion.
The judgment should be affirmed, as to counts I and III.

At first glance one might wonder what purpose could be served in allowing a person to have a loaded weapon within his place of business or at his place of residence, if he is forbidden from carrying it. Section 12031, subdivisions (j) and (k) clarify this appar *Supp. 10 ent inconsistency, however, by exempting the carrying of a loaded firearm where it appears reasonably necessary for the protection of person or property from immediate danger, or while attempting to make a lawful arrest. The statutory scheme of permissible carrying, otherwise expressly prohibited by Penal Code section 12031, subdivision (a), is thus made clear. People v. Overturf, supra, also recognizes this distinction.
Likewise, Penal Code section 12025 prohibits the carrying of a concealed firearm within a vehicle (subd. (a) or on one’s person (subd. (b)). Penal Code section 12026, on the other hand, provides an exemption, not for carrying a concealable firearm, but only for “owning, possessing or keeping” such a firearm within one’s residence or place of business. If the Legislature had intended to exempt the carrying of concealed firearms in such places, it could have so provided in much simpler language.